UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

US BANK NATIONAL ASSOCIATION, )
)
            Plaintiff, )
   vs. )   Case No.: 2:16-cv-00866-GMN-PAL
)
BDJ INVESTMENTS, LLC, *et al.*, )   **ORDER**
)
           Defendants. )
)

      Pending before the Court is a Motion for Demand for Security of Costs (ECF No. 18) filed by Defendant BDJ Investments, LLC ("Defendant"), to which Plaintiff US Bank National Association, as trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset Back Certificates Series 2005-A8 ("Plaintiff"), filed a Response (ECF No. 20). Plaintiff subsequently filed a Notice of Withdrawal (ECF No. 21) of its opposition to the Motion. For the reasons set forth below, the Motion is granted.[1]

      The Ninth Circuit recognizes that "federal district courts have inherent power to require plaintiffs to post security for costs." *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994). Under Nevada law, "[w]hen a plaintiff in an action resides out of the State, or is a foreign corporation, security for the costs and charges which may be awarded against such plaintiff may be required by the defendant." NRS § 18.130(1). "After the lapse of 30 days from the service of notice that security is required . . . upon proof thereof, and that no undertaking as required has been filed, the

---

[1] Plaintiff also filed a Motion for Extension of Time "request[ing] an extension up until 10 days after the Court issues an order requiring [deposit of the] bond." (Mot. Ext. of Time 2:5–6, ECF No. 25). It appears that Plaintiff mistakenly believes that it must post a cost bond within thirty days from the date the Motion for Demand for Security of Costs was filed. (*See id.* 1:24–2:4). However, the deadline to post a cost bond is set by a court's order requiring the bond, not the motion requesting the bond. *See* NRS § 18.130(1). Accordingly, the Motion for Extension of Time is denied as moot.

Page 1 of 2

court or judge may order the action to be dismissed." NRS § 18.130(4).  It is the policy of the United States District Court for the District of Nevada to enforce the requirements of NRS § 18.130 in diversity actions. *See, e.g.*, *Feagins v. Trump Org.*, No. 2:11-cv-01121-GMN, 2012 WL 925027, at *1 (D. Nev. Mar. 19, 2012).

Because Plaintiff resides outside of Nevada, (Compl. ¶ 1, ECF No. 1), the Court finds that it is appropriate to require Plaintiff to post a security bond of $500.00 in this matter pursuant to NRS § 18.130.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion Demanding Security of Costs (ECF No. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must submit a bond pursuant to this Order in the amount of $500.00 as to Defendant.  Failure to do so within thirty days of the filing date of this Order shall constitute grounds for dismissal.

**IT IS FURTHER ORDERED** that the Motion for Extension of Time (ECF No. 25) is **DENIED as moot**.

**DATED** this __28__ day of June 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge