**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MERRILL LYNCH MORTGAGE INVESTORS TRUST, MORTGAGE LOAN ASSET BACK CERTIFICATES SERIES 2005-A8, | ) ) ) ) ) ) | Case No.: 2:16-cv-00866-GMN-PAL |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| BDJ INVESTMENTS, LLC, *et al.*, | ) ) | |
| Defendants. | ) ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 57), filed by Defendant Lone Mountain Quartette Community Association ("HOA"). Plaintiff US Bank National Association ("Plaintiff") filed a Response, (ECF No. 60), and HOA filed a Reply, (ECF No. 61). For the reasons discussed herein, HOA's Motion to Dismiss is **GRANTED**.[1]

## I. BACKGROUND

This case arises from the non-judicial foreclosure on real property located at 10625 Colter Bay Court, Las Vegas, Nevada 89129 (the "Property"). (*See* Compl. ¶ 14, ECF No. 1). On May 31, 2005, Isam Halteh ("Borrower") purchased the Property by way of a loan in the amount of $255,400.00 secured by a deed of trust (the "DOT"), identifying Mortgage Electronic Registration Systems ("MERS") as beneficiary. (*Id.* ¶¶ 14–15). Plaintiff later obtained an interest in the Property and is the current holder of the DOT. (*Id.* ¶¶ 7, 26).

Upon Borrower's failure to pay all amounts due, HOA placed lien notices on the Property. (*Id.* ¶ 16). HOA subsequently recorded a foreclosure deed and held a foreclosure sale

---

[1] Also before the Court is BDJ Investments, LLC's ("BDJ") Motion to Stay, (ECF No. 70), which is hereby **DENIED as moot** in light of the Nevada Supreme Court's ruling in *SFR Invs. Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248 (Nev. 2018).

on April 17, 2012. (*Id. ¶ 17*).  At the foreclosure sale, BDJ Investments, LLC ("BDJ") acquired the Property for $6,000.00. (*Id.*).

Plaintiff filed its Complaint on April 15, 2016, bringing the following causes of action arising from the foreclosure and subsequent sale of the Property: (1) declaratory relief under 28 U.S.C. § 2201 and the United States Constitution; (2) quiet title; (3) declaratory relief; and (4) violation of NRS 112.190. (*Id. ¶¶ 30–72*).

## II.   LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  "However, material which is properly submitted as part of the complaint may be considered." *Id.*  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14

F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   DISCUSSION

HOA moves to dismiss Plaintiff's Complaint on the following grounds: (1) the applicable statute of limitations bars Plaintiff's claims; (2) Plaintiff's constitutional claims are not cognizable causes of action; (3) HOA has disclaimed interest in the Property such that Plaintiff cannot assert a quiet title claim against it; (4) the foreclosure sale was not commercially unreasonable as a matter of law; (5) Plaintiff's claim under NRS 112.190 fails to state a claim upon which relief may be granted. (*See generally* HOA's Mot. to Dismiss ("MTD"), ECF No. 57). The Court addresses each argument in turn.

### A. Statute of Limitations

HOA first argues that Plaintiff's claims are time barred. (HOA's MTD 5:1–8:2). Where a claim arises from the non-judicial foreclosure on real property, the statute of limitations begins to accrue at the time of the foreclosure sale. *See Deutsche Bank Nat'l Tr. Co. v. SFR Invs. Pool 1, LLC*, No. 2:17-cv-02638, 2018 WL 3758569, at *2 (D. Nev. Aug. 8, 2017); *Bank*

*of Am., N.A. v. Antelope Homeowners' Ass'n*, No. 2:16-cv-00449-JCM-PAL, 2017 WL 421652, at *3 (D. Nev. Jan. 30, 2017).

In Nevada, an action to quiet title is subject to the five-year limitations period set forth in NRS 11.070. *See U.S. Bank Nat'l Ass'n v. Southern Highlands Cmty. Ass'n*, No. 2:18-cv-00205-GMN-GWF, 2018 WL 3997265, at *2 (D. Nev. Aug. 21, 2018); *see also Deutsche Bank Nat'l Tr. Co.*, 2018 WL 3758569, at *2; *Bank of Am., N.A.*, 2017 WL 421652, at *3; *see also Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1114 (9th Cir. 2016) ("Under Nevada law, Spencer could have brought claims challenging the HOA foreclosure sale within five years of the sale.").

Here, Plaintiff's quiet title claim arises from the HOA foreclosure sale and, therefore, a five-year limitations period applies. Because the HOA foreclosure sale took place on April 17, 2012, and Plaintiff filed its Complaint on April 15, 2016, Plaintiff's quiet title claim is timely.

## B. Constitutionality of the Foreclosure

Next, HOA asserts that Plaintiff cannot prevail on the theory that the foreclosure was unconstitutional under the Fourteenth Amendment. (HOA's MTD 8:6–16:23). HOA further argues that Plaintiff's first cause of action, which invokes the Constitution's Takings Clause and the Eighth Amendment, are inapplicable because HOA is a private, non-profit actor.[2] (*Id.* 8:7–12:24). Plaintiff responds that the Ninth Circuit's holding in *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, No. 16-1208, 2017 WL

---

[2] The Court agrees with HOA that Plaintiff's allegations with respect to the foreclosure constituting an unconstitutional taking and a violation of the Eighth Amendment are unsupported by federal law and Nevada law. (HOA's MTD 8:7–12:24). Plaintiff fails to put forth any opposition to this argument and indeed clarifies that its constitutional claim concerns the Ninth Circuit's holding in *Bourne Valley* and the Due Process Clause of the Fourteenth Amendment. (*See* Resp. 9:8–11:17, ECF No. 60).

1300223 (U.S. June 26, 2017), compels the Court to hold that the HOA foreclosure sale did not extinguish Plaintiff's DOT. (Resp. 9:8–11:17, ECF No. 60).[3]

In *Bourne Valley*, the Ninth Circuit held that NRS 116.3116's "'opt-in' notice scheme, which required a homeowners' association to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated the lender's constitutional due process rights under the Fourteenth Amendment to the Federal Constitution." *Bourne Valley*, 832 F.3d at 1156. Specifically, the Court of Appeals found that by enacting the statute, the Nevada legislature acted to adversely affect the property interests of mortgage lenders and was thus required to provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1159. The statute's opt-in notice provisions therefore violated the Fourteenth Amendment's Due Process Clause because they impermissibly "shifted the burden of ensuring adequate notice from the foreclosing homeowners' association to a mortgage lender." *Id.*

In holding that NRS 116.3116's opt-in notice scheme is facially unconstitutional, the Ninth Circuit rejected the appellant's argument that NRS 107.090 should be read into NRS 116.31168(1) to cure the constitutional deficiency. *Id.* Specifically, the appellant argued that the "incorporation of section 107.090 means that foreclosing homeowners' associations were required to provide notice to mortgage lenders even absent a request." *Id.* The Ninth Circuit, interpreting Nevada law, held that this interpretation "would impermissibly render the express notice provisions of Chapter 116 entirely superfluous." *Id.*

---

[3] In light of the Nevada Supreme Court's decision in *SFR Invs. Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248 (Nev. 2018), the Court ordered the parties to file supplemental briefs addressing the interplay between that decision and *Bourne Valley*, (ECF No. 76). BDJ, HOA, and Plaintiff timely filed their respective briefs, (ECF Nos. 77, 78, 79).

Subsequent to *Bourne Valley*, a court in this District certified the following question to the Nevada Supreme Court: "Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 required a homeowner's association to provide notices of default and/or sale to persons or entities holding a subordinate interest even when such persons or entities did not request notice, prior to the amendment that took effect on October 1, 2015." *Bank of New York Mellon v. Star Hill Homeowners Ass'n*, No. 2:16-cv-02561-RFB-PAL, 2017 WL 1439671, at *5 (D. Nev. Apr. 21, 2017). On August 2, 2018, the Nevada Supreme Court issued its decision on the certified question in *SFR Invs. Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248 (Nev. 2018). The Nevada Supreme Court explicitly "decline[d] to follow the majority holding in *Bourne Valley*, 832 F.3d at 1159," and concluded that "NRS 116.31168 fully incorporated both the opt-in and mandatory notice provisions of NRS 107.090 . . . ." *Id.* at 1253. Therefore, "before the October 1, 2015, amendment to NRS 116.31168, the statute incorporated NRS 107.090's requirement to provide foreclosure notices to all holders of subordinate interests, even when such persons or entities did not request notice." *Id.*

"[A] State's highest court is the final judicial arbiter of the meaning of state statutes." *Gurley v. Rhoden*, 421 U.S. 200, 208 (1975); *see also Knapp v. Cardwell*, 667 F.2d 1253, 1260 (9th Cir. 1982) ("State courts have the final authority to interpret and, where they see fit, to reinterpret that state's legislation."). Federal courts are bound by its respective circuit courts' interpretations of state law only "in the absence of any subsequent indication from the [state] courts that [the federal] interpretation was incorrect." *Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983); *see also Togill v. Clarke*, 877 F.3d 547, 556–60 (4th Cir. 2017) (holding that the Fourth Circuit was bound by the Supreme Court of Virginia's limiting construction of a statute that was previously found to be facially unconstitutional by a federal court). Such rulings may only be reexamined when the "reasoning or theory" of that authority is "clearly irreconcilable" with the reasoning or theory of intervening higher authority. *Rodriguez v. AT&T*

*Mobility Servs. LLC*, 728 F.3d 975, 979 (9th Cir. 2013) (quoting *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc)).  In determining whether intervening higher authority is "clearly irreconcilable," courts must "look at more than the surface conclusions of the competing authority." *Id.*  "Rather, the relevant court of last resort must have undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." *Id.* (quoting *Gammie*, 335 F.3d at 900).

Here, the Nevada Supreme Court's interpretation of the NRS 116.31168 notice provisions is irreconcilable with the Ninth Circuit's prior interpretation.  The Ninth Circuit's conclusion that NRS 116.3116 violated a lender's due process rights was explicitly premised upon the Ninth Circuit's interpretation of state law.  Specifically, the Ninth Circuit concluded the notice provisions of NRS 107.090 are not incorporated into NRS 116.31168.  However, because the Nevada Supreme Court has since rejected the Ninth Circuit's interpretation by holding that the notice provisions of NRS 107.090 are incorporated into NRS 116.31168, *Bourne Valley* is no longer controlling authority with respect to § 116.3116's notice provisions.

Accordingly, to the extent Plaintiff seeks to quiet title based upon the Ninth Circuit's holding in *Bourne Valley*, the Court rejects this theory.  Because Plaintiff's first cause of action is explicitly premised upon the constitutionality of the foreclosure, the Court dismisses the first cause of action with prejudice.[4]

## C. Disclaimer of Interest

HOA also seeks dismissal on the basis that it disclaims interest in the Property and, accordingly, Plaintiff cannot state a claim for quiet title against it. (MTD 17:25–20:7.)  Courts in this District have recognized, however, that "parties facing a quiet title claim may be, at least

---

[4] Plaintiff's first claim is labeled as one for declaratory relief, which is a remedy rather than a stand-alone cause of action. *See, e.g.*, *U.S. Bank, N.A., v. 9008 Medicine Wheel Tr.*, No. 2:18-cv-00092-GMN-NJK, 2018 WL 4494090, at *3 (D. Nev. Sept. 18, 2018); *Brannan v. Bank of Am.*, No. 2:16-cv-01004-GMN-GWF, 2018 WL 1220562, at *6 (D. Nev. Mar. 8, 2018).  To the extent this cause of action is in substance one for quiet title, it is duplicative of Plaintiff's second cause of action for quiet title.

nominally, necessary parties when the court's potential invalidation of the foreclosure sale could alter their possible liability to other entities in the case." *Bank of Am., N.A. v. Sunrise Ridge Master Homeowners Ass'n*, No. 2:16-cv-0381-JCM-VCF, 2017 WL 1293977, at *4 (D. Nev Mar. 10, 2017).  As this Court previously found, "[b]ecause the HOA would regain an interest in the Property if the Court declares the HOA sale to be invalid, the HOA is a necessary party" in such circumstances. *See SRMOF II 2012-1 v. SFR Invs. Pool 1*, LLC, No. 2:15-cv-01677-GMN-CWH, 2016 WL 3606786, at *2 (D. Nev. June 30, 2016) (noting that "[g]ranting Plaintiff's request for relief in the HOA's absence could impair or impede the HOA's ability to protect its interests."); *see also U.S. Bank, N.A. v, Ascente Homeowners Ass'n*, No. 2:15-cv-00302-JAD-VCF, 2015 WL 8780157, at *2 (D. Nev. Dec. 15, 2015) (rejecting an HOA's request for dismissal from a foreclosure case because the HOA was a necessary party due to the plaintiff's challenge of the sale's validity).

Here, Plaintiff requests two potential forms of relief with respect to its quiet title claim—a declaration that its DOT survived the foreclosure sale or, alternatively, a declaration that the foreclosure sale is void. (*See* Compl. 11:20–12:2).  Should the Court invalidate the foreclosure sale, HOA may still have an interest in the Property.  Accordingly, the Court declines to grant HOA's Motion on this basis.

### D.  Equitable Grounds for Setting Aside the Foreclosure Sale

HOA argues that Plaintiff's quiet title claim should be dismissed because Plaintiff's allegations of fraud, unfairness, or oppression are conclusory and without sufficient factual detail. (HOA's MTD 21:3–14).  HOA continues that Plaintiff's assertions concerning the grossly inadequate sales price, without more, cannot justify setting aside the sale. (*Id.* 20:10–21:2).

The Nevada Supreme Court recently held that the commercial reasonableness standard of Uniform Commercial Code Article 9 does not apply in the context of HOA foreclosure sales

of real property. *Nationstar Mortgage, LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 644 (Nev. 2017). The relevant inquiry, rather, is "whether the sale was affected by fraud, unfairness, or oppression." *Id.* at 646. "[M]ere inadequacy of price is not in itself sufficient to set aside the foreclosure sale, but it should be considered together with any alleged irregularities in the sales process to determine whether the sale was affected by fraud, unfairness, or oppression." *Id.* at 648. The burden of establishing that a foreclosure sale should be set aside rests with the party challenging the sale. *Id.* at 646.

In addition to a grossly inadequate sales price, Plaintiff argues unreasonableness is shown by: HOA's violation of its mortgage protection clause in its CC&Rs; the notice of sale's failure to identify the proper statute or the superpriority lien amount; and the inclusion of improper fees and costs in the amounts owed as stated in the foreclosure notices. (Pl.'s Resp. 13:7–15:21).

### i.    Mortgage Protection Clause

With respect to Plaintiff's allegation that HOA violated its mortgage protection clause, the Nevada Supreme Court has explicitly held that such clauses do not supersede the statutory structure of NRS 116. *SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 418–19 (Nev. 2014). "[A] mortgage protection clause purporting to subordinate a HOA lien to the first deed of trust does not, without more, constitute unfairness in the context of a HOA foreclosure." *U.S. Bank, N.A. v. SFR Invs. Pool 1, LLC*, No. 2:15-cv-1527-JCM-CWH, 2018 WL 3312980, at *9 (D. Nev. July 5, 2018). Accordingly, insofar as Plaintiff premises its claims on HOA's violation of the mortgage protection clause, HOA cannot be held liable on this theory.

### ii.    Content of the Notices

Next, Plaintiff argues that the content of HOA's notices are deficient because they did not specify the superpriority amount owed, failed to cite the relevant statutory provision, and

impermissibly included collection costs and fees. (Resp. 15:10–17). None of these omissions, however, are sufficient to establish fraud, unfairness, or oppression.

Specifically, the Nevada Supreme Court has expressly rejected the argument that the inclusion of fees and costs is evidence, in and of itself, of fraud, unfairness, or oppression. *See S. Capital Pres., LLC v. GSAA Equity Tr. 2006-5*, No. 72461, 414 P.3d 808 (Nev. 2018) (unpublished) ("[A]lthough counsel argued that the notices' inclusion of improperly incurred fees was unfair, there was no actual evidence supporting how inclusion of those fees either misled respondent or otherwise brought about the low sales price."); *see also U.S. Bank Nat'l Ass'n v. Saticoy Bay LLC*, No. 2:17-cv-00463-APG-GWF, 2018 WL 3231245, at *3 (D. Nev July 2, 2018) (noting that while the "superpriority portion of the HOA's lien for assessment does not include collection fees and foreclosure costs.... [Plaintiff] has not plausibly alleged how the inclusion of these costs in the overall lien amount was so unfair that it would justify setting aside the sale.").

With respect to HOA's failure to include the superpriority component of the HOA lien, this too, is not enough to justify setting aside the sale on the grounds of unfairness. As another court in this District recognized, "[t]he fact that a notice does not identify a superpriority amount is of no consequence because Chapter 116 gives lienholders notice that the HOA may have a superpriority interest that could extinguish their security interests." *Bank of Am., N.A. v. Saticoy Bay LLC Series*, No. 2:17-cv-02808-APG-CWH, 2018 WL 3312969, at *3 (D. Nev. July 5, 2018). The Nevada Supreme Court has also rejected the argument that foreclosure notices must always state the superpriority portion, reasoning, in part, that "[t]he notices went to the homeowner and other junior lienholders, not just [the first deed of trust holder], so it was appropriate to state the total amount of the lien." *SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 418 (Nev. 2014) (en banc).

Lastly, Plaintiff alleges that the notice was improper because it states "HOA may be foreclosing under either NRS Chapter 117 or NRS Chapter 116," and that the "confusing foreclosure notices caused bidding to be chilled" at the auction. (Compl. ¶ 23). However, Plaintiff fails to explain how HOA's citation to two statutes—including the correct one—caused such confusion as to chill bidding at the sale. Plaintiff cites no authority to support this proposition and the Court nonetheless finds that the notice's reference to the proper statute was sufficient to make Plaintiff and other potential bidders aware that the sale was being conducted under Chapter 116.

### E. Uniform Fraudulent Transfer Act

Nevada's Uniform Fraudulent Transfer Act was "designed to prevent a debtor from defrauding creditors by placing the subject property beyond the creditors' reach." *Herup v. First Boston Fin., LLC*, 162 P.3d 870, 872 (Nev. 2007). "The act makes it a fraud for a debtor to transfer or incur obligations on property with the intention of avoiding paying a debt to a creditor." *Agha-Khan v. Bank of New York Mellon*, No. 2:16-cv-02651-RFB-PAL, 2018 WL 1566327, at *4 (D. Nev. Mar. 30, 2018) (citing N.R.S. §§ 112.180, 112.190).

As this statute applies to disputes between creditors and debtors, this cause of action is inapplicable to the instant case. *See id.* Plaintiff neither alleges, nor argues, that HOA or BDJ have a creditor-debtor relationship with Plaintiff. Nor does Plaintiff allege that Borrower, as Plaintiff's debtor, initiated the foreclosure. On the contrary, the crux of Plaintiff's Complaint assigns impropriety to HOA and BDJ rather than Borrower, who is not a party to this action. In short, this cause of action is misplaced and the Court, therefore, dismisses this claim with prejudice.

Based on the foregoing, the Court finds that Plaintiff has failed to plausibly allege facts to show it is entitled to relief with respect to its claims. The Court, therefore, grants HOA's Motion and dismisses Plaintiff's Complaint.

## IV.   LEAVE TO AMEND

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit has "repeatedly held that 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

With respect to Plaintiff's second and third cause of action for quiet title and declaratory relief, respectively, the Court finds that Plaintiff may be able to allege sufficient facts to plausibly establish an entitlement to relief.  The Court, therefore, will permit Plaintiff to file an amended complaint if Plaintiff is able to cure the deficiencies discussed herein.  Should Plaintiff elect to file an amended complaint, Plaintiff shall do so with fourteen (14) days of this Order.  Failure to do so will result in the Court dismissing Plaintiff's claims with prejudice.

## V.   CONCLUSION

**IT IS HEREBY ORDERED** that HOA's Motion to Dismiss, (ECF No. 57), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's second and third causes of action for quiet title and declaratory relief are **DISMISSED without prejudice**.  Plaintiff's first cause of action for declaratory relief and fourth cause of action for fraudulent transfer under NRS 112.190 are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's amended complaint, should Plaintiff elect to file one, must be filed within fourteen (14) days of this Order.  Failure to do so will result in the Court dismissing Plaintiff's causes of action with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 68), is **DENIED as moot** with leave to refile pending the disposition of Plaintiff' amended complaint should Plaintiff elect to file one.

**IT IS FURTHER ORDERED** that BDJ's Motion to Stay, (ECF No. 70), is **DENIED as moot**.

**DATED** this ___29___ day of September, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge