# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

US BANK NATIONAL ASSOCIATION, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset Back Certificates Series 2005-A8,

      Plaintiff,

vs.

BDJ INVESTMENTS, LLC, *et al.*,

      Defendants.

Case No.: 2:16-cv-00866-GMN-PAL

**ORDER**

Pending before the Court are the Motions to Dismiss, (ECF Nos. 82, 85), filed by Defendant Lone Mountain Quartette Community Association ("HOA") and BDJ Investments, LLC ("BDJ") (collectively "Defendants"). Plaintiff US Bank National Association ("Plaintiff") filed Responses, (ECF Nos. 83, 86), and Defendants filed Replies, (ECF Nos. 84, 91), in support of their respective Motions.

For the reasons discussed herein, Defendants' Motions to Dismiss are **DENIED**.

I. <u>**BACKGROUND**</u>

This case arises from the non-judicial foreclosure on real property located at 10625 Colter Bay Court, Las Vegas, Nevada 89129 (the "Property"). (*See* Am. Compl. ¶ 7, ECF No. 81). In July 2005, Isam Halteh ("Borrower") purchased the Property by way of a loan in the amount of $255,400.00 secured by a deed of trust, identifying Mortgage Electronic Registration Systems ("MERS") as beneficiary. (*Id.* ¶¶ 7–8). Plaintiff later obtained an interest in the Property and is the current holder of the deed of trust. (*Id.* ¶ 9).

In 2011, upon Borrower's failure to pay all amounts due, HOA initiated foreclosure proceedings, recording a notice of delinquent assessment lien, followed by a notice of default

and election to sell. (*Id.* ¶¶ 11, 12). HOA recorded a notice of trustee's sale and conducted a public auction on April 17, 2012. (*Id.* ¶ 14). BDJ purchased the Property for $6,000 on April 18, 2012. (*Id.*).

Plaintiff filed its initial complaint on April 15, 2016, asserting causes of action for declaratory relief, quiet title, and breach of NRS 112.190. (Compl. ¶¶ 30–72, ECF No. 1). The Court subsequently granted HOA's motion to dismiss, dismissing the declaratory relief and quiet title claims without prejudice, and dismissing the NRS 112.190 with prejudice. (*See* Order 12:14–19, ECF No. 80).

Plaintiff filed its Amended Complaint on October 15, 2018, bringing the following causes of action arising from the foreclosure and subsequent sale of the Property: (1) quiet title through the remedy of declaratory relief; (2) injunctive relief; and (3) unjust enrichment. (*See* Am. Compl. ¶¶ 51–82). Shortly thereafter, HOA and BDJ filed the instant Motions to Dismiss, (ECF Nos. 82, 85).

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

HOA moves to dismiss Plaintiff's Amended Complaint on the following grounds: (1) Plaintiff's quiet title claim is premised upon the same the equitable and constitutional arguments the Court has already rejected; (2) the injunctive relief claim is improperly pled as a stand-alone claim for relief; and (3) the unjust enrichment claim is barred by the statute of limitations and is otherwise not a cognizable cause of action. (HOA's MTD 5:1–15:13, ECF

No. 82). BDJ also seeks dismissal by raising a statute-of-limitations defense and contending that Plaintiff fails to rebut the presumption that the HOA sale was validly conducted. (BDJ's MTD 7:21–20:1, ECF No. 85).[1]

### A. Statute of Limitations

According to Defendants, Plaintiff's substantive claims for quiet title and unjust enrichment are untimely. (BDJ's MTD 8:27–11:16); (HOA's MTD 15:4–3). The Court disagrees.

#### *i. Quiet Title*

As stated in the Court's prior order, Plaintiff's quiet title claim is timely pursuant to the five-year limitations period set forth in NRS 11.070. (*See* Order 4:3–12, ECF No. 80). The underlying foreclosure sale took place on April 17, 2012, and Plaintiff filed this action less than five years later. (*Id.*); (*see* Compl., ECF No. 1) (filed April 15, 2016).

#### *ii. Unjust Enrichment*

Unjust enrichment claims are subject to a four-year limitations period under Nevada law. *See* NRS 11.190(2)(c); *In re Amerco Derivative Litig.*, 252 P.3d 681, 703 (Nev. 2011) ("The statute of limitation for an unjust enrichment claim is four years.").

Plaintiff's allegations underpinning its unjust enrichment claim correspond to Plaintiff's conferral of benefits "*since* the time of the HOA sale." (Am. Compl. ¶¶ 77, 80) (emphasis added). Because HOA sold the Property to BDJ less than four years prior to Plaintiff initiating this action, the unjust enrichment claim is timely.

---

[1] Notwithstanding the Court's rejection of the theory in its prior order, the parties continue to dispute the applicability of *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016). To the extent there is any lingering doubt that *Bourne Valley* is a nullity, the Ninth Circuit has put the issue to rest. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, No. 17-15796, 2019 WL 1461317, at *3 (9th Cir. Apr. 3, 2019) ("*Bourne Valley* no longer controls the analysis, and we conclude that Nev. Rev. Stat. § 116.3116 *et seq.* is not facially unconstitutional on the basis of an impermissible opt-in notice scheme.").

### B. Quiet Title

Plaintiff argues that its Amended Complaint adequately states a quiet title claim given the allegations concerning the grossly inadequate sale price of the Property, as well as HOA and BDJ's knowledge that Plaintiff was under the false assumption that the foreclosure sale would leave its deed of trust undisturbed. (Pl.'s Resp. to BDJ's MTD 4:26–7:7, ECF No. 86). In particular, the Amended Complaint states "Plaintiff did not know it had to attend the HOA sale to protect its security interest," because of the "failure of HOA to provide such notice." (Am. Compl. ¶¶ 37–38). Plaintiff asserts in its Response that it learned during discovery that its "predecessor-in-interest requested a payoff demand of the superpriority lien, and the HOA's agent, ACS, advised [Plaintiff's] predecessor-in-interest that there was no superpriority lien until the beneficiary of the first deed of trust forecloses." (Pl.'s Resp. to BDJ's MTD 6:19–21). Assuming the latter allegation was pled, the Court finds Plaintiff has stated a viable claim for relief.

Under NRS 116.3116, the deed of trust holder may pay off the superpriority portion of an HOA lien to prevent the foreclosure sale from extinguishing the deed of trust. *See* NRS 116.31166(1); *see also SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 414 (Nev. 2014). In *Thomas Jessup*, the Nevada Supreme Court held that a first deed of trust holder was excused from tendering the superpriority amount because the HOA agent represented that it would reject any such tender if attempted. *Bank of Am., N.A. v. Thomas Jessup, LLC Series VII*, 435 P.3d 1217, 1220 (Nev. 2019). In that case, the HOA agent, ACS, sent the deed of trust holder a fax stating it would not provide a ledger identifying nine months' worth of HOA assessments unless the deed of trust holder initiates foreclosure proceedings. *Id.* The Court held that the deed of trust holder's offer to pay the "yet-to-be-determined superpriority amount," combined with "ACS's rejection of that offer, operated to cure the default as to [the superpriority] portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust." *Id.*

Here, taking Plaintiff's allegations as true, Plaintiff has stated a claim for quiet title. The Court will permit Plaintiff to correct its Amended Complaint to allege ACS's representations to Plaintiff concerning the impact of the HOA sale on the first deed of trust.[2] Accordingly, the Court denies Defendants' Motions as to the quiet title claim.

### C. Unjust Enrichment

Defendants contend that dismissal is appropriate on the unjust enrichment claim because Plaintiff cannot establish it conferred a benefit upon BDJ or HOA. (BDJ's MTD 19:27–20:1); (HOA's MTD 13:9–14:11). HOA also argues that the claim fails as a matter of law because a contract underlies the parties' relationship, rendering the unjust enrichment claim inapplicable. (HOA's MTD 13:20–14:11).

Plaintiff argues its payments of taxes, insurance, and HOA assessments benefited HOA's financial condition and were made without knowledge that its deed of trust was purportedly extinguished. (Pl.'s Resp. to HOA's MTD 8:17–28, ECF No. 83). Plaintiff alternatively argues that if the Court were to determine that the HOA sale extinguished its deed of trust, then HOA would be enriched by claiming proceeds in excess of the superpriority lien amount. (*Id.* 9:1–11).

Under Nevada law, unjust enrichment is an equitable doctrine that allows recovery of damages "whenever a person has and retains a benefit which in equity and good conscience belongs to another." *Unionamerica Mortg. & Equity Tr. v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981). To prevail on an unjust enrichment claim, a plaintiff must prove the following three elements: (1) a benefit conferred on the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) an acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without

---

[2] On the record in this case, the Court finds reopening discovery is unwarranted at this time. Nonetheless, should the parties believe that limited additional discovery is necessary on this issue, they may so petition the Court.

payment of the value thereof. *Takiguchi v. MRI Intern., Inc.*, 47 F. Supp. 3d 1100, 1119 (Nev. 2014).

Plaintiff has sufficiently alleged the elements of unjust enrichment. The Amended Complaint provides that after the foreclosure sale, Plaintiff paid HOA assessments, taxes, and insurance on the Property. (Am. Compl. ¶ 77). Plaintiff alleges that should it prevail on its quiet title claim, BDJ and HOA will have been unjustly enriched because Plaintiff's payments were applied toward maintaining the Property. (*Id.* ¶¶ 77–78). Alternatively, if the Court determines the HOA sale wiped out Plaintiff's deed of trust, Plaintiff alleges HOA's retention of the sale proceeds on top of the superpriority lien amount is unjust as those proceeds rightfully belong to Plaintiff. (*Id.* ¶ 79). These allegations are enough to state a plausible claim for unjust enrichment. *See, e.g.*, *Las Vegas Dev. Grp., LLC v. Yfantis*, 173 F. Supp. 3d 1046, 1059 (D. Nev. 2016); *Holm Int'l Props., LLC v. Pac. Legends E. Condo. Ass'n*, No. 68726, 391 P.3d 103 (Nev. 2017) (unpublished).

Finally, the Court rejects HOA's contention that the unjust enrichment claim fails because "a contract underlies the relationship," between Plaintiff and HOA. (HOA's MTD 13:20–14:11). Plaintiff does not allege any contract-based claims in this action; nor does Plaintiff allege it had a contractual relationship with HOA. Indeed, the only contractual relationship HOA points to is that between HOA and the former homeowner. (*Id.* 13:23–14:5). That contract has no bearing on the merits of Plaintiff's unjust enrichment claim. Thus, the Court denies Defendants' Motions as to the unjust enrichment claim.

**D. Injunctive Relief**

Last, Defendants move to dismiss Plaintiff's claim for injunctive relief because it is improperly plead as a substantive cause of action. (HOA's MTD 10:9–12:22); (BDJ's MTD 19:14–17). It is well established that injunctive relief is a remedy rather than a stand-alone cause of action. *See, e.g.*, *Deutsche Bank Nat'l Tr. Co. v. SFR Invs. Pool 1, LLC*, No. 2:17-cv-

02638-GMN-GWF, 2019 WL 1446956, at *2 n.2 (D. Nev. Mar. 31, 2019); *Brannan v. Bank of Am.*, No. 2:16-cv-01004-GMN-GWF, 2018 WL 1220562, at *6 (D. Nev. Mar. 8, 2018).

Accordingly, to the extent Plaintiff pleads injunctive relief as a distinct cause of action, it necessarily fails. Insofar as Plaintiff seeks injunctive relief as a remedy linked to its quiet title claim, this form of relief is viable and is not subject to dismissal at this stage.

**IV.  CONCLUSION**

**IT IS HEREBY ORDERED** that HOA's Motion to Dismiss, (ECF No. 82), is **DENIED.**

**IT IS FURTHER ORDERED** that BDJ's Motion to Dismiss, (ECF No. 85), is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff shall file a second amended complaint consistent with the foregoing discussion within fourteen (14) days of this Order's issuance.

**IT IS FURTHER ORDERED** that the parties shall file Motions for Summary Judgment within twenty-one (21) days of the filing of Plaintiff's second amended complaint.

**DATED** this __8__ day of April, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Judge